# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE CASTREJON,<br><br>      Plaintiff,<br><br>    v.<br><br>J. WANG, et al.,<br><br>      Defendants. | Case No.  1:14-cv-01200-DAD-BAM-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF NO. 11)<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.   Currently before the Court is Plaintiff's April 13, 2015, first amended complaint filed in response to an order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

2    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

4    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   While a plaintiff's allegations are taken

5    as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

6    Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

7        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

8    liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

9    342 (9th Cir. 2010)(citations omitted).   To survive screening, Plaintiff's claims must be facially

10   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

11   named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S.

12   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has

13   acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

14   liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572

15   F.3d at 969.

16                        **II.**

17              **COMPLAINT ALLEGATIONS**

18        Plaintiff, an inmate in the custody of the CDCR at CSP Corcoran, brings this action

19   against Defendant correctional officials employed by the CDCR at CSP Corcoran, where the

20   events at issue occurred.   Plaintiff names the following individual Defendants: J. Wang, Chief

21   Medical Executive; T. Macias, Chief Executive Officer; E. Clark, M.D.; W. Ulit, M.D.; Nurse

22   Brown.   Plaintiff claims that he was subjected to inadequate medical care such that it violated the

23   Eighth Amendment's prohibition on cruel and punishment.

24        In October 2013, Plaintiff was transferred to CSP Corcoran from North Kern State

25   Prison.   While at North Kern, Plaintiff was treated for lower back pain with Gabapentin (600 mg)

26   and Tramadol (50 mg).   Upon his arrival at Corcoran, Plaintiff sought treatment for his lower

27   back pain.   Specifically, Plaintiff alleges that on November 5, 2013, he completed a Health Care

28   Services Request Form, complaining of back spasms.   At some point, Plaintiff explained his

1    issues to Dr. Gill, who ordered x-rays and prescribed Tylenol.

2           On November 11, 2013, Plaintiff "attempted to go man-down." (Am. Cmp. 4:17.)   The

3    watch officer notified Defendant Brown.  Plaintiff alleges that Brown "denied Plaintiff medical

4    attention stating 'he's got to be dying on the floor,' she stated this without personally hearing

5    Plaintiff's medical issue.   Plaintiff's back had totally given out.   Plaintiff was completely

6    immobile or could hardly walk and stand.  Suffering throughout the night." (Id. 4:17-22.)

7           On November 12, 2013, Plaintiff submitted a Health Care Services Request, informing

8    Defendants that his back pain was getting worse.  Plaintiff alleges that they failed to respond.

9    On November 18, 2013, Plaintiff submitted another Health Care Services Request, recounting

10   the events of November 11, 2013.   On December 26, 2013, Plaintiff was interviewed by

11   Defendant Dr. Ulit regarding his health care appeal.  Dr. Ulit referred Plaintiff to a physical

12   therapist and referred Plaintiff's case to the Chief Medical Officer for review.

13          On January 1, 2014, Plaintiff submitted another Health Care Services Request, informing

14   the medical department that he was having serious side effects from a muscle relaxer.   On

15   January 14, 2014, Plaintiff filed a health care grievance, indicating that the pain medication he

16   had been prescribed was not effective, and that Plaintiff was in a great deal of pain.  Plaintiff

17   indicated that, in his view, he was suffering from some type of nerve damage.  Although unclear

18   from the amended complaint, it appears that Plaintiff is alleging that the health care grievance

19   challenged a decision by Dr. Ulit to refer him to a physical therapist and not to a specialist.

20          On January 7, 2014, Plaintiff noticed signs of blood in his stool.  Plaintiff did not submit

21   a Health Care Request, because a nurse told him that he had an appointment to see a physician.

22          On February 26, 2014, Defendants Wang and Macias partially granted Plaintiff's appeal

23   at the second level of review.  Plaintiff alleges that they agreed with Dr. Ulit's response at the

24   first level of review, "without having Plaintiff seen by a back specialist." (Id. 7:13.)

25          On March 13, 2014, Plaintiff filed an appeal at the third level.   Plaintiff makes a vague

26   reference to falsified documents, stating that "I never denied physical therapy, being the escort

27   med staff or officers never approached by cell on the 30th also no nursing staff asked if I would

28   sign a refuse sheet of January 30, 2014, said appointment.   Therefore these documents are

1  falsified." (Id. 7:16-22.)    Plaintiff complained that Dr. Ulit denied Plaintiff's requests for a

2  specialist referral and an MRI.    Although unclear from the complaint, Plaintiff appears to

3  complain about treatment from old injuries (a fractured clavicle and a fractured finger).

4        Page 13 of Plaintiff's Exhibit A to his first amended complaint is a copy of the response

5  to Plaintiff's health care grievance by the California Correctional Health Care Services Inmate

6  Correspondence and Appeals Branch.[1]    Plaintiff's Exhibit A indicates that documents from

7  Plaintiff's Unit Health Record reveals that Plaintiff received an x-ray of his lumbar spine on

8  January 17, 2013, which showed mild degenerative disk disease.  Plaintiff was able to function

9  without difficulties and perform activities of daily living.    Plaintiff was informed that

10 degenerative disk disease is a term used to describe the normal changes in the spinal disk as one

11 ages.  Plaintiff was seen in February and March of 2014 by his primary care provider, and was

12 referred for physical therapy and prescribed oxcarbazepine.

13                                       **III.**

14                                    **ANALYSIS**

15       **A.    Eighth Amendment Medical Care**

16       While the Eighth Amendment of the United States Constitution entitles Plaintiff to

17 medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

18 indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th

19 Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

20 Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d

21 1091, 1096 (9th Cir. 2006).    Plaintiff "must show (1) a serious medical need by demonstrating

22 that failure to treat [his] condition could result in further significant injury or the unnecessary and

23 wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

24 indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference

25 is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical

26 need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d

27
28
_____
[1] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 152 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1988).

at 1096).   The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner- or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)) overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23(citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332)(internal quotation marks omitted).

In his amended complaint, Plaintiff refers to Defendants in general, and asserts the conclusory allegations that defendants failed to provide adequate medical care.  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).   In order to state claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, Plaintiff must allege facts indicating that each Defendant knew of and disregarded a serious medical need of Plaintiff's.

The only specific conduct charged to any individual Defendant relates to Dr. Ulit and

Nurse Brown.  The allegations as to Dr. Ulit indicate, at most, a disagreement with the course of treatment prescribed by Dr. Ulit.  The crux of Plaintiff's amended complaint is that Dr. Ulit did not send him to a specialist, but instead referred him to physical therapy.  As noted above, a disagreement over the course of treatment does not state a claim for relief.  There are no facts alleged indicating that Dr. Ulit's conduct was in conscious disregard of an excessive risk to Plaintiff's health.  He should therefore be dismissed for Plaintiff's failure to state a claim against him.

As to Nurse Brown, the Court finds Plaintiff's allegations fail to state a cognizable claim.  Plaintiff alleges that his back went out on November 11, 2013, and when Defendant Brown was summoned, she stated that "he's got to be dying," and she "did not personally hear Plaintiff medical issue."  Such conduct, with nothing more, fails to state a claim for deliberate indifference to serious medical needs.  There are no facts alleged that Plaintiff suffered injury as a result of Defendant Brown's conduct on November 11, 2013.  Although the amended complaint is vague, Plaintiff appears to allege that Brown did not summon emergency medical assistance.  The allegations of the amended complaint indicate, at most, that Defendant Brown ignored Plaintiff's complaints, and failed to respond in the way that Plaintiff thought appropriate.  In order to hold Defendant Brown liable, Plaintiff must allege some facts indicating that she consciously disregarded an objectively serious risk to Plaintiff's health, resulting in injury to Plaintiff.  He has failed to do so here.  Defendant Brown should therefore be dismissed for Plaintiff's failure to state a claim against her.

## B.    Supervisory Liability

The remaining Defendants are employed in a supervisory capacity.  Plaintiff is advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation

of Plaintiff's federal rights.  Regarding the remaining Defendants, Plaintiff has failed to allege facts indicating that each Defendant engaged in conduct that violated Plaintiff's rights.  The supervisory Defendants should therefore be dismissed for Plaintiff's failure to state a claim against them.

**C.     Rule 18**

In his amended complaint, Plaintiff refers to previous injuries.  Plaintiff is advised that he may not bring suit against Defendants for unrelated medical conditions.   Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.  Plaintiff's claims regarding his previous injuries are unrelated to the claims in this action.  Plaintiff's claims regarding  blood in his stool, a fractured clavicle, and a fractured finger should therefore be dismissed as unrelated to the claims in this action.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted.  Despite guidance from the Court in the order dismissing the original complaint, Plaintiff has failed to correct the identified deficiencies.  The Court will, however, provide Plaintiff with one final opportunity to correct the deficiencies.  The first amended complaint should therefore be dismissed with leave to file a second amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.      Plaintiff's first amended complaint, filed April 13, 2015, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a a second amended complaint or a notice of voluntary dismissal; and

4.      If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **April 27, 2016**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

8