# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE CASTREJON,<br><br>  Plaintiff,<br><br>  v.<br><br>J. WANG, et al.,<br><br>  Defendants. | Case No. 1:14-cv-01200-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's August 18, 2016, second amended complaint, (ECF No. 20), filed in response to the April 27, 2016, order dismissing the first amended complaint and granting Plaintiff leave to file a second amended complaint. (ECF No. 14.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

1

that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Training Facility at Soledad, brings this action against Defendant correctional officials employed by the CDCR at CSP Corcoran, where the events at issue occurred.  Plaintiff names the following individual Defendants: J. Wang, Chief Medical Executive; T. Macias, Chief Executive Officer; E. Clark, M.D.; W. Ulit, M.D.; Nurse Brown. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and punishment.

In October 2013, Plaintiff was transferred to CSP Corcoran from North Kern State

Prison. While at North Kern, Plaintiff was treated for lower back pain with Gabapentin. Upon his arrival at Corcoran, Plaintiff sought treatment for his lower back pain. Specifically, Plaintiff completed a Health Care Services Request Form, requesting treatment for "ongoing back problems." (ECF No. 20, ¶ 4.)

On November 7, 2013, Plaintiff was seen by Dr. Moon at the infirmary for initial screening and evaluation. During his examination by Dr. Moon, Plaintiff "raised the issue of his back problems." (Id. ¶ 5.) Dr. Moon explained to Plaintiff that he had not yet received his medical file, and that he was only going to ask questions about Plaintiff's general medical history. Plaintiff asked to be scheduled to be seen by a back specialist, and that he be scheduled for X-rays, an MRI, physical therapy, and to have a treatment plan formulated. Dr. Moon denied Plaintiff's requests. Plaintiff advised Dr. Moon "of all the medical problems he had been receiving treatment for that were documented in his prison medical file." (Id. ¶ 6.) Plaintiff told Dr. Moon that he had been placed on a pain management program that included Gabapentin (600 mg) and Tramadol (50 mg).

On November 11, 2013, due to the lack of medical care, Plaintiff notified the watch officer in his housing unit, C/O Shaw, that he was going to "go man-down." (Id. ¶ 8.) C/O Shaw notified Defendant RN Brown. Plaintiff alleges that after an hour, he was able to drag himself to his cell door, and saw C/O Shaw. He asked C/O Shaw what happened to Nurse Brown. C/O Shaw informed Plaintiff that "Brown says you have to be dying in order to receive emergency medical attention." (Id. ¶ 9.)

On November 18, 2013, Plaintiff submitted another Health Care Services Request, recounting the events of November 11, 2013. On December 26, 2013, Plaintiff was interviewed by Defendant Dr. Ulit regarding his health care appeal. Dr. Ulit recommended Plaintiff for physical therapy, and referred Plaintiff to the Chief Medical Officer for evaluation and pain management recommendations.

Plaintiff alleges that on December 26, 2013, Defendant Clark, by responding to Plaintiff's grievance at the first level, "reviewed and approved Defendant Ulit's medical assessment and treatment plan even though it was clearly shown that the treatment, or lack of

treatment was causing Plaintiff to suffer extreme pain and discomfort." (Id. ¶ 17.)

On January 1, 2014, Plaintiff submitted another Health Care Services Request, informing the medical department that he was having serious side effects from a muscle relaxer prescribed by Dr. Ulit. On January 14, 2014, Plaintiff filed another health care grievance, requesting that he be referred to a specialist. Plaintiff alleges that his prescription for Baclofan and Tylenol was continued to address his pain issues.

On February 26, 2015, Health Care Services Staff responded to Plaintiff's inmate grievance, denying his request for referral to a specialist, and for further examination and placement on a pain medication plan. Plaintiff alleges that prison officials falsified documents attached to the appeal by placing a Refusal of Examination and/or Treatment form in his file.

On April 17, 2014, Plaintiff's appeal was reviewed by J. Lewis, Deputy Director, Policy and Risk Management Services. Plaintiff alleges that the appeal was accepted as a citizen's complaint against Defendant Brown, and that officials were ordered to issue a staff complaint response. Plaintiff alleges that Defendants failed to respond to the grievance.

Page 13 of Plaintiff's Exhibit A to his first amended complaint is a copy of the response to Plaintiff's health care grievance by the California Correctional Health Care Services Inmate Correspondence and Appeals Branch.[1] Plaintiff's Exhibit A indicates that documents from Plaintiff's Unit Health Record reveals that Plaintiff received an x-ray of his lumbar spine on January 17, 2013, which showed mild degenerative disk disease. Plaintiff was able to function without difficulties and perform activities of daily living. Plaintiff was informed that degenerative disk disease is a term used to describe the normal changes in the spinal disk as one ages. Plaintiff was seen in February and March of 2014 by his primary care provider, and was referred for physical therapy and prescribed Oxcarbazepine.

## III.

## ANALYSIS

### A.     Eighth Amendment Medical Care

---

[1] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 152 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1988).

4

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner- or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)) overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23(citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332)(internal quotation marks omitted).

In his second amended complaint, Plaintiff refers to Defendants in general, and asserts the conclusory allegations that Defendants failed to provide adequate medical care. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams,

5

297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).  In order to state claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, Plaintiff must allege facts indicating that each Defendant knew of and disregarded a serious medical need of Plaintiff's.

The only specific conduct charged to any individual Defendant relates to Dr. Ulit, Dr. Moon, and Nurse Brown.  The allegations as to Dr. Ulit indicate, at most, a disagreement with the course of treatment prescribed by Dr. Ulit.  The crux of Plaintiff's amended complaint is that Dr. Ulit did not send him to a specialist, but instead referred him to physical therapy.  As noted above, a disagreement over the course of treatment does not state a claim for relief.  There are no facts alleged indicating that Dr. Ulit's conduct was in conscious disregard of an excessive risk to Plaintiff's health.  He should therefore be dismissed for Plaintiff's failure to state a claim against him.

The only conduct charged to Dr. Moon is that during Plaintiff's initial screening and evaluation, Dr. Moon refused Plaintiff's requests to order certain diagnostic tests, and implement a pain management plan.  Dr. Moon explained to Plaintiff that he was only seeing him for an initial evaluation, and the he did not yet have Plaintiff's medical record.  That Plaintiff was able to recite his medical history, and that Plaintiff believed that he needed immediate medical attention, does not subject Dr. Moon to liability under the Eighth Amendment.  Plaintiff has not alleged any facts indicating that Dr. Moon was aware of an opinion by a medical professional that Plaintiff was suffering from an objectively serious medical condition on November 7, 2013, and was deliberately indifferent to it.  Plaintiff's allegations, liberally construed, amount to, at most, a disagreement with Dr. Moon's opinion regarding the urgency of Plaintiff's back pain.

As noted, a disagreement with a physician's diagnosis does not constitute deliberate indifference. Snow, 681 F.3d at 987 (citing Sanchez, 891 F.2d at 240.) Dr. Moon should therefore be dismissed for Plaintiff's failure to state a claim against him.

As to Nurse Brown, the Court finds Plaintiff's allegations to be vague. Plaintiff alleges that his back went out on November 11, 2013, and when Defendant Brown was summoned, she stated that "he's got to be dying," and she "did not personally hear Plaintiff medical issue." Such conduct, with nothing more, fails to state a claim for deliberate indifference to serious medical needs. There are no facts alleged that Plaintiff was suffering a serious medical condition and suffered injury as a result of Defendant Brown's conduct on November 11, 2013. Although the amended complaint is vague, Plaintiff appears to allege that Defendant Brown did not summon emergency medical assistance. The allegations of the second amended complaint indicate, at most, that Defendant Brown ignored Plaintiff's complaints, and failed to respond in the way that Plaintiff thought appropriate. In order to hold Defendant Brown liable, Plaintiff must allege some facts indicating that she consciously disregarded an objectively serious risk to Plaintiff's health, resulting in injury to Plaintiff. He has failed to do so here. Defendant Brown should therefore be dismissed for Plaintiff's failure to state a claim against her.

### B. Supervisory Liability

The remaining Defendants are employed in a supervisory capacity. Plaintiff is advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Regarding the remaining Defendants, Plaintiff has failed to allege facts indicating that each Defendant engaged in conduct that violated Plaintiff's rights. The supervisory Defendants should therefore be dismissed for Plaintiff's failure to state a claim against them.

### C. Grievance Process

Throughout the second amended complaint, Plaintiff alleges that Defendants are liable under the Eighth Amendment because the Health Care Appeals filed by Plaintiff put them on notice of his medical condition. Plaintiff alleges that the failure to respond to the grievances by prescribing the treatment sought by Plaintiff constitutes deliberate indifference. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). In order to hold Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff. Plaintiff has failed to do so here. The Defendants involved in reviewing Plaintiff's Health Care Appeals should therefore be dismissed.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted; and

2. This action count as a strike pursuant to 28 U.S.C. §1915(g).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 11, 2016**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE